UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darren S. Simmons, #182509, | ) C/A No. 8:11-02809-RMG-JDA |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Michelle D. Fox; | ) |
| Shelly R. Stokes; | ) |
| Amy Smith, RN, CHCA; | ) |
| Michael J. Beinar, MD; | ) |
| Warden Willie L. Eagleton; | ) |
| A/W Robin Chavis; | ) Report and Recommendation |
| A/W Rolland McFadden; | ) |
| Ethel Redfern Miller; | ) |
| Sued in their individual capacity under color of | ) |
| state law, | ) |
| | ) |
| Defendants. | ) |

Plaintiff, Darren S. Simmons,(Plaintiff), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is an inmate at Evans Correctional Institution and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the undersigned concludes that it should be summarily dismissed.

Pro Se and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton*

*v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319.

<u>Background</u>

Plaintiff, a prisoner at Evans Correctional Institution (ECI), alleges that medical and administrative employees of the South Carolina Department of Corrections (SCDC) have been deliberately indifferent to Plaintiff's medical needs. Specifically, Plaintiff claims that he has been deprived of mental health treatment by Defendant Michelle D. Fox, mental health counselor at ECI. ECF No. 1, pages 2, 4. Defendants Shelly R. Stokes and Amy Smith, both nurses at ECI, are named for interfering with treatment prescribed by doctors and for refusing to dispense medication in a timely manner for over two (2) years. *Id.* at 2, 7. Warden Willie Eagleton, Assistant Warden Robin Chavis, Assistant Warden Rolland McFadden, Michael J. Beinar, M.D., and Ethel Redfern Miller, allegedly knew that Plaintiff

2

had a serious medical need but failed to "remedy Stokes and R.N. Smith acts of deliberate indifference." *Id.* at 7. Plaintiff seeks monetary damages and injunctive relief. *Id.* at 8.

## Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

While Plaintiff claims a violation of his constitutional rights by alleged state actors, the instant case is subject to summary dismissal because it is a duplicate filing. Plaintiff has two other cases pending before this Court, which allege deliberate indifference to medical needs against the above named Defendants. *See Darren S. Simmons v. Robert Schulze, et al.*, Civil Action No. 8:11-00703-RMG-JDA (D.S.C.)(removed from the Marlboro County Court of Common Pleas on March 23, 2011); *Darren S. Simmons v. Nurse Shelly*

3

*Stokes, et al*, Civil Action No. 8:11-00175-RMG-JDA (D.S.C.)(received by the Court for filing on January 24, 2011).[1]

Like the instant pleading, Civil Action No. (C/A No.) 8:11-00703-RMG-JDA alleged deliberate indifference claims against Rolland McFadden, Robin Chavis, Amy Smith, Michelle Fox, Shelly Stokes, M.D. Beinar, and Redfern Miller.  Defendants Stokes and M.D. Beinar are specifically named for participating in the "deliberate or reckless disregard" of Plaintiff's right "to appropriate medical attention." [2]  *Id.* at ECF No. 18, pages 3-4.  Plaintiff's second pending § 1983 case, C/A No. 8:11-00175-RMG-JDA, alleges a denial of mental health treatment by Defendant Fox, and interference with prescribed treatment by Defendants Stokes and Smith.  *Id.* at ECF No.'s 1, 16, 142.  That pleading also alleges that Defendants Eagleton, Chavis, McFadden, and Redfern-Miller refused to respond to Plaintiff's correspondence or remedy the situation.  *Id.*  It is noted that the instant pleading provides no new factual allegations against any of the Defendants named in Plaintiff's prior cases.

As the issues involved in the Complaint *sub judice* are currently being addressed in Plaintiff's pending cases, this duplicate § 1983 Complaint is frivolous and subject to dismissal.  *See Cottle v. Bell*, No. 00-6367, 2000 WL 1144623 at *1 (4th Cir. Aug. 14, 2000)("Because district courts are not required to entertain duplicative lawsuits, they may

_____

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992); *Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

[2] Defendants McFadden, Chavis, Smith, Fox, and Redfern Miller appear as terminated on the Court's docket in C/A No. 8:11-00703-RMG-JDA.  Plaintiff's claims against Stokes and Beinar remain pending at this time.

4

dismiss such suits as frivolous pursuant to § 1915(e)"); *Aziz v. Burrows*, 976 F.2d 1158 (8th Cir. 1998)("[D]istrict courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party".). Therefore, in the interests of judicial economy and efficiency, the instant Complaint should be summarily dismissed. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970)("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.").

<u>Recommendation</u>

Accordingly, it is recommended that the Complaint in the above-captioned case be dismissed *without* prejudice.

s/Jacquelyn D. Austin
Jacquelyn D. Austin
United States Magistrate Judge

November 1, 2011
Greenville, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).